# EXHIBIT 2

224 pl

SANDRA K KRIENKE, Plaintiff, Pro Per
By: SandraKay: Krienke
c/o 16381 Hwy 392
Greeley, Colorado state [80631]
Telephone: 970-897-2800

FILED IN WELD COUNTY DISTRICT COURT
2009 SEP 10 AM 8:27

EFILED Document – District Court
2009CV899
CO Weld County District Court 19th JD
Filing Date: Sep 10 2009 10:59AM MDT
Filing ID: 27010412

**DISTRICT COURT OF WELD COUNTY**
**STATE OF COLORADO**

| | |
|---|---|
| **SANDRA K KRIENKE,**<br><br>**Plaintiff**<br>**vs.**<br><br>**BAC HOME LOANS SERVICING, LP subsidiary of BANK OF AMERICA CORPORATION/COUNTRYWIDE HOME LOANS SERVICING, LP**<br>Administrators, devisees, trustees, creditors, successors and assigns of any defendants that are or were partners or in partnership; the unknown guardians, conservators and trustees of any defendants that are minor or are under any legal disability; and the trustees, creditors and assigns of any person alleged to be deceased and all other persons or parties who are or may be concerned and have yet to be named including the "money trust" or "pool" where the promissory note was deposited and remonetized,<br>**and**<br><br>**CASTLE MEINHOLD & STAWIARSKI, LLC, SUCCESSOR AND ASSIGNS**<br>**and**<br><br>**SUZIE VELASQUEZ, PUBLIC TRUSTEE for WELD COUNTY as Trustee,**<br>**and**<br><br>**TIMOTHY F. GEITHNER, SECRETARY OF THE TREASURY, UNITED STATES**<br>**and**<br><br>**ERIC H. HOLDER, U.S. ATTORNEY GENERAL, as ALIEN PROPERTY CUSTODIAN**<br><br>**Defendants**<br><br>**SandraKay: Krienke**<br><br>**Real Party in Interest - Intervenor** | **PETITION to SET ASIDE FORECLOSURE SALE, CANCEL NOTE AND DEED OF TRUST, CLAIM IN RECOUPMENT, MONEY DAMAGES AND QUIET TITLE AGAINST ALL KNOWN DEFENDANTS**<br><br>**Case No.** 09 CV 899<br><br>**Judge:** 1 |

COMES NOW **SandraKay: Krienke**, non-attorney, a real woman, and Real Party in Interest, non-corporate entity, as agent for SANDRA K KRIENKE, as corporate entity defined by United States Code as a United States Vessel (hereinafter **Plaintiff**), appearing, by special rules, in the original, as a matter of right and privilege, to allege rights under the **Colorado** Constitution, by verified oath and solemn affirmation of complaint, pursuant to special rules, exercising Plaintiffs' procedural due process.

This PETITION is to CANCEL NOTE AND DEED OF TRUST FOR FRAUD, USURY, MATERIAL MISREPRESENTATION, FRAUD IN THE INDUCEMENT, FRAUD IN FACT, LACK OF ADEQUATE CONSIDERATION, CLAIM IN RECOUPMENT, AND QUIET TITLE AGAINST ALL KNOWN DEFENDANTS FOR DECLARATORY AND INJUNCTIVE RELIEF.

Defendants have been making false claims, contrary to the record, contrary to the statues regarding real estate and foreclosures and have denied Plaintiffs' due process. Notice is now given for the protection of Plaintiffs' persons, property, estate, and trust. Plaintiff hereby enter their complaints of injured parties, involuntary servitude, and peonage due to wanton and malicious acts and threats, duress, coercion and fraud, by and through promulgating counterfeit securities, in violation of the laws of the forum in **Colorado** Republic, united States of America and the Law of Nations and states as follows:

**CLAIM OF RIGHTS**

Intervenors, as agent for Plaintiff, claims all of Intervenors' rights, including seniorage rights, at all times and waives none of them at any time for any cause or reason. Seniorage rights are defined as all rights delegated under the social compact; e.g., the constitution for the united States, wherein this sovereign delegated limited power and authority to government to act on the sovereign's behalf and in the sovereign's best interest. Plaintiff hereby invokes the powers and protections of the Constitution of **Colorado** Annotated and the Constitution of the United States of America Annotated. Plaintiff hereby invokes the powers and protections of *Anastasoff v. U.S.*, 223 F3d 898, especially where it speaks to the Doctrine of Precedent. Plaintiff requests that the court take judicial notice (Rule 201 of the Federal Rules of Evidence and **Colorado** Rules of Evidence) of the enunciation of principles stated in *King v. Knoll* (No. 04-04149-JAR), *Whitney v. State of New Mexico* (113 F.3d 1170), *Haines v. Kerner* (404 U.S. 519), and *Platsky v. Central Intelligence Agency*, 953 F2d 25; and Plaintiff hereby invokes the powers and protec-

tions thereof, especially where they speak to the fact that Pro Se and In Propria Persona (Pro Per) litigants shall not be held to the same strict pleading standards as Bar-authorized attorneys, and that they have the right to submit evidence of their claims to the courts for adjudication, and that where the courts dismiss said claims, the courts must provide curative instructions as to how to repair the paperwork and give leave or permission and adequate time to re-file. Therefore, Plaintiff hereby claims the substantial Due Process right to have Findings of Fact and Conclusions of Law published with any order of this Court.

Plaintiff hereby claims the powers, protections and benefits of the Statute of Frauds Annotated, especially where it speaks to the fact that in order to have standing to sue on a debt or have a court consider the issue or for a court to have subject matter jurisdiction to provide relief or a remedy the Defendant or moving party must prove the existence of a debt which may only be established by submission of the original contract, note or agreement in open court, on the record, as evidenced through the testimony of a competent fact witness with personal firsthand knowledge, under oath, and be subject to the test and "fire" of cross examination. Furthermore, Defendant or moving party must prove it is the Holder in Due Course and that Plaintiff signed the contract, note, or agreement with full knowledge of the true nature of the transaction without fraudulent inducement; and finally, Defendant or moving party must prove with specificity that Plaintiff received value and how much value was received, by way of a specific dollar amount identified under GAAP rules.

Plaintiff hereby makes declaration of non-corporate status. Plaintiff hereby makes declaration of domicile and revokes any previous declaration of domicile. Plaintiff is domiciled in **Colorado** state. Plaintiff hereby makes declaration that her name is "**SandraKay: Krienke**", which is separate and distinct from **SANDRA K KRIENKE** or **KRIENKE, SANDRA K.** or any other pseudonym, not the upper and lower case **SandraKay: Krienke**.

The Plaintiff, the Affiant herein, does solemnly affirm that she is of lawful age, being of sound mind and competent to make this affidavit and willing to testify in open court; that the statements herein are from her own personal, firsthand knowledge of the information and facts contained herein and are true and correct in substance and in fact; and that those matters cited herein are believed to be true as reported and as further grounds for the relief sought.

## JURISDICTION

1. This court has jurisdiction over this proceeding pursuant to State Statute and under the **Colorado** Rules of Civil Procedure and this matter arises out of ownership and possession of real estate property located in the District Court. All of the parties are either domiciled or are doing business in the district in the STATE OF **COLORADO**.

## STANDING

2. Plaintiff, as secured parties on a properly executed warranty deed, is the true owner fully vested with all rights to said property and therefore have standing to bring this complaint.

## VENUE

3. The Venue of this matter is proper within the District Court, **Weld** County, **Colorado** as the subject property in this matter is located within the geographical bounds of the District Court, which has sole jurisdiction to hear this matter.

## PARTIES

4. The Plaintiff in this action is named **SandraKay: Krienke,** who is domiciled in **Colorado** state. The Plaintiff maintains a receiving post: c/o **16381 Hwy 392, Greeley, Colorado [80631]**, and is the successor in interest to this property by way of assignment of one Warranty Deed issued from Bob and Becky Weidenkeller, December 17, 2005.

5. Defendant **BAC HOME LOANS SERVICING, LP, (BANK OF AMERICA/COUNTRYWIDE)** a limited liability company believed to be organized under the laws of the **STATE OF NORTH CAROLINA** and of the UNITED STATES with its main office having a mailing address of **Mail Code NC1 007-20-02, 100 North Tryon Street, Charlotte, North Carolina, 28202** (hereinafter referred to as "**BAC HOME LOANS SERVICING**"), claims an adverse estate or interest in the subject Property for the purposes of complying with the Quiet Title requirements of the **Colorado** Code Annotated.

6. Defendant **BAC HOME LOANS SERVICING**, a limited liability company believed to be organized under the laws of the **STATE OF NORTH CAROLINA** and of the UNITED STATES with its listed registered agent located at 150 Fayetteville Street, Box 1011, Raleigh, North Carolina, 27601 (hereinafter referred to as "**BAC HOME LOANS SERVICING**").

7. Defendant **SUSIE VELASQUEZ, PUBLIC TRUSTEE for WELD COUNTY** as Trustee under that certain trust deed filed for record on **November 23, 2005** in **Weld County, Colorado** with Recorder's Entry No. **3342269** (hereinafter "**TRUSTEE**")

8. Defendant **CASTLE, MEINHOLD & STAWIARSKI, LLC**, a professional corporation believed to be organized under the laws of the **STATE OF COLORADO** and of the UNITED STATES with its main office having a mailing address of **999 18th Street, Suite 2201, Denver, Colorado 80202** (hereinafter "**Interloper**").

9. TIMOTHY F. GEITHNER, SECRETARY OF THE TREASURY, UNITED STATES, Third Party Defendant as an indispensable party under statute.

10. ERIC H. HOLDER, U.S. ATTORNEY GENERAL, as ALIEN PROPERTY CUSTODIAN, Third Party Defendant as an indispensable party under statute.

11. **SandraKay: Krienke** is an Intervenor and other Intervenors who are unknown to Plaintiff, **SANDRA K KRIENKE,** at this time, but who may be added appropriately to the complaint as they become known.

**FACTS OF THE CASE**

12. PROPERTY IN QUESTION: 16381 Hwy 392, Greeley, Colorado [80631], with a legal description as follows: *" Lot A of Recorded Exemption No. 0805-14-3-RE2537, recorded December 17, 1999 as Reception No. 2739273, being a part of the S ½ of the SW ¼ of Section 14, Township 6 North, Range 66 West of the 6th P.M., COUNTY OF WELD, STATE OF COLORADO, according to the official plat thereof on file in the office of the recorder, Weld County, Colorado. Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property."*

13. In early **November 2005**, Plaintiff **SandraKay: Krienke** made application to **BAC HOME LOANS SERVICING/ COUNTRYWIDE HOME LOANS** for a mortgage loan in the amount of **$260,000.00.**

14. On or about **November 18, 2005**, **SANDRA K KRIENKE,** as trustor, executed a trust deed on the subject property captioned above to secure her performance on a promissory

note for **$260,000.00** given to **BAC HOME LOANS SERVICING/ COUNTRYWIDE HOME LOANS.** The **BAC HOME LOANS SERVICING/ COUNTRYWIDE HOME LOANS** "loan" number identifying this matter is **115206799.**

**15.** The trust deed was filed for record on **November 23, 2005** in **Weld** County, **Colorado** with Recorder's Entry No. **3342269.**

**16.** Plaintiffs made the contractually established monthly payments of **$1,751.67** timely and in full and as agreed throughout the remainder of **2008.**

**17.** In **February 2009, SandraKay: Krienke's** business unexpectedly took a turn for the worse as sales disappeared because of the start of the downturn of the economy.

**18.** In **January 2009,** Plaintiffs' cash reserves were depleted, and she was unable to make further payments on the note.

**19.** On or about **March 21, 2009** the Plaintiff received an "**Acceleration Warning**" letter dated **March 19, 2009** from Defendant **BAC HOME LOANS SERVICING/ COUNTRYWIDE HOME LOANS** informing the Plaintiff that she was "in default under the terms of the note . . . because [she] has failed to pay the required monthly installments and late charges."

**20.** In early **May 2009** Plaintiff received a "**Notice of Alternatives**" that could bring our mortgage loan current from **CASTLE MEINHOLD & STAWIARSKI, LLC** dated **May 7, 2009,** and elected not to respond based on their understanding that their acceptance of this or any other similar offer would diminish their later access to other more appropriate and definitive rights and remedies under law.

**21.** In mid **May 2009** Plaintiff received a "**COMBINED NOTICE OF SALE AND RIGHT TO CURE AND REDEEM FORECLOSURE NUMBER 09-1130**", from **Public Trustee.**

**22.** On **May 27, 2009,** Plaintiff did sign and send by **Registered Mail # 538 686 009,** a **NOTICE OF ADMINISTRATIVE COMMERCIAL CLAIM WITHIN THE ADMIRALTY** via United States Postal Service to **Bank of America/Countrywide** making a demand for verification under the full requirements of "verification" as established and defined by the Colorado Revised Statutes.

23. On or about **June 5, 2009**, Plaintiff received notice from **CASTLE, MEINHOLD & STAWIARSKI, LLC of Denver, Colorado**, dated **June 3, 2009**. The substance of this notice is that this law firm has been retained to initiate foreclosure proceedings on **16381 Hwy 392, Greeley, Colorado [80631].**

24. On or about **June 11, 2009** Plaintiff received a letter from **CASTLE, MEINHOLD & STAWIARSKI, LLC of Denver, Colorado** dated **June 9, 2009**, which states in part that (a) "The response to Plaintiff correspondence of May 27, 2009.", (b) "Please find copy of the Note and a copy of the Deed of Trust as evidence of the debt" and foreclosure file was placed on hold.

25. On **June 19, 2009**, Plaintiff did sign and send a letter via United States Postal Service, **Certified Mail # 7007 3020 0001 6046 5968** to **BANK OF AMERICA/COUNTRYWIDE**, making a demand for verification under the full requirements of "verification" as established and defined by the **Colorado** Revised Statutes.

26. **BANK OF AMERICA/COUNTRYWIDE** has failed to respond as required by statute regarding Verification of the debt including the source and nature of the original consideration provided when the loan was originally funded.

27. As a result of **BANK OF AMERICA/COUNTRYWIDE'S** failure to provide the Verification as required by statute, Plaintiff by authority of statue hereby make a **Declaration of Good Faith Statement of Account** of **$0**.

## SUMMARY OF THE CASE

28. The main part of the case involves Plaintiff who has owned and occupied the property in question as her primary dwelling and abode for nine years and is the owner of record of the property by deed. Plaintiff seeks the following relief:

   a. To have an order of the Court to set-aside the foreclosure sale that is to occur on **September 9, 2009** for a lack of standing by Defendant BAC **HOME LOANS SERVICING, LP/COUNTRYWIDE HOME LOANS** as they have failed to produce any evidence that they were the holder in due course of any instrument granting any rights to foreclose and were acting ultra vires and had no authority to foreclose.

b. Cancel the original Promissory Note for failure of consideration, fraudulent inducement, material misrepresentation and violations of various federal laws under TILA and RESPA by Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE HOME LOANS**.

c. Rescind or cancel the Deed of Trust which was executed in conjunction with the Promissory Note.

d. Award monetary damages for fraud in fact and usury in violation of federal and state law forbidding such practices.

e. Award monetary amounts for the damages, plus punitive amounts, incurred for failure to disclose, failure of consideration to alienate, breach of trust, misfeasance, malfeasance and nonfeasance of the trustee, under the Deed of Trust by Defendant **SUSIE VELASQUEZ**, Public Trustee.

f. Award monetary amounts for damages, plus punitive amounts, for (a) mail fraud, (b) wire fraud, and (c) securities fraud under the civil Racketeering Influenced and Corrupt Organizations Act

**BACKGROUND FACTS**

**29.** It is Plaintiffs' contention that the UNITED STATES is and has been in a bankruptcy since at least 1933 and that evidence of such can be found in the Congressional Record and United States Code. As part of the "New Deal" the UNITED STATES borrowed 33 million non-redeemable Federal Reserve Notes from the Federal Reserve and at that time a new form of currency entered into circulation in the system of commerce as the currency now became non-redeemable.

**30.** As a result today, as contained in numerous case decisions, a debt can no longer be paid but merely discharged as a matter of law. Meaning, Federal Reserve Notes have no intrinsic value, and as such, are negotiable instruments under the negotiable instruments law and when used to, in the common vernacular, "pay" a debt it is like paying a $2 debt owed with a $2 I.O.U. The net result is that one has increased the total debt regarding the matter to $4 dollars and therefore, as this illustrative example makes clear, *"the debt is not paid*

*but merely discharged, as a matter of law. The original debt still exists but the nature of the debt changes and is no longer collectible."*

31. As a matter of practice and usage the only functional currency in circulation and use today is non-redeemable Federal Reserve Notes. When Plaintiff applied for the loan and was funded on the loan, she understood and believed she was being loaned "money", meaning money of exchange that was on deposit in a bank of the lender that was redeemable and had intrinsic value; when in reality she was purchasing credit from the Federal Reserve, through the purported lender as a pass through, in the form of Negotiable Instruments, specifically, Federal Reserve Notes.

32. As a result there were numerous material misrepresentations in the contract for the lending of credit, not "money", which constitute fraudulent inducement and which lead to fraud in fact in the operation of the contract. It was never disclosed to the Plaintiff that the Mortgage Company, when it loaned "money" according to Federal Reserve Publication Circular 10 and under the Mortgage Company's "Master Account Agreement" executed with the Federal Reserve (the ultimate source of all credit issued today in the US monetary system), the purported "lender" provided no more than 8% of the total funds that were proffered.

33. A significant issue in this case based on recent Federal Case Law is this: Does the purported lender have possession of the original note—not a photo copy or electronic facsimile—with a duly executed assignment and verified evidence of the full amount of consideration provided to demonstrate the purported lender is in fact a legitimate Holder in Due Course?

34. There is a fundamental presumption that every party that comes to this Court, or any other Article I tribunal, is a "corporate entity" (creature of the state) engaged in commerce or commercial activity in the closed monopoly of the Federal Reserve System, unless this presumption is rebutted. This presumption is again hereby rebutted and the Rule of Necessity is invoked.

35. Ultimately, there must be a remedy to the U.S. credit-based, fractional reserve, fiat monetary system. It would be a fraud upon the people if they were provided no remedy to pay a debt at law, but were merely allowed to discharge it (replace it with new debt). The crea-

tors of this fractional reserves banking system understood this issue from the beginning, and have provided remedy in the statutes. These remedies are provided under Federal Statute 46 USC 748 for payment of judgments and claims against United States Vessels, which includes the legal fiction, **SANDRA K KRIENKE**, by the United States Secretary of the Treasury and Federal Statute 50 app USC 7, 9 & 32, for the return of property seized, to be returned by the United States Attorney General as the Alien Property Custodian under the Trading with the Enemy Act under Title 50 app.

**CAUSES OF ACTION AND CLAIM TO SET-ASIDE FORECLOSURE SALE**

**Against Defendant SUSIE VELASQUEZ**

**36.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 35 although those allegations were fully set forth herein.

**37.** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** as they have failed to produce any evidence that they were the holder in due course of any instrument granting any rights to foreclose and were acting ultra vires and had no authority to foreclose.

**38.** As a result of Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** passing false information to Defendant **VELASQUEZ,** as trustee, and Defendant **VELASQUES** failing to verify Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** was a legitimate holder in due course and foreclosing on Plaintiffs' property has caused and injury to Plaintiff by alienating her from her property.

**CAUSES OF ACTION AND CLAIM FOR FAILURE OF CONSIDERATION**

**Against Defendant COUNTRYWIDE HOME LOANS**

**39.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 38 as though those allegations were fully set forth herein.

**40.** Defendant, **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**, the purported lender, failed to lend any valuable consideration. **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** provided no more than a promise to pay the substance of value known as "legal tender" by issuing a promise to pay said legal tender through the issuance

of negotiable instruments. Any legal tender that **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** did actually contribute, as a result of the negotiable instruments later being presented to her, was a secondary and unrelated transaction.

41. Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** did not pay the value, as agreed to in the note, to the party to whom they agreed to lend the money. What **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** provided to the alleged borrower was a promise to pay value in the form of negotiable instruments. These negotiable instruments in and of themselves contained no value. They were merely promises to pay all value at a later date. As no value was contributed by the purported "lender" with at the formation and completion of the loan agreement contract, the "contracts" evidenced by the Promissory Note and Deed of Trust are invalid.

**CAUSES OF ACTION AND CLAIM FOR USURY**

**Against Defendant BAC HOME LOANS SERVICING, LP/COUNTRYWIDE (ALL DEFENDANT'S HOLDERS IN DUE COURSE)**

42. Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 41 as though those allegations were fully set forth herein.

43. If the Promissory Note which the present Deed of Trust is designed to secure can be held to lawfully require a repayment in legal tender, then any good faith estimate accounting for that actual amount of legal tender Federal Reserve Notes that were actually contributed by **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** will reveal that **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** actually gained a usurious amount of interest. Through the use of their fractional reserve banking system, Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** probably contributed a sum of legal tender Federal Reserve Notes amounting to less than 1/13th of the face value of the negotiable instruments issued by it to encumber the property in question. This means that the actual interest rate upon the accurate number of legal tender Federal Reserve Notes loaned was a minimum of 13 times greater than the amount agreed to in the original Promissory Note.

44. This is a violation of Common Law and Statutory prohibitions against usury throughout the vast majority of the laws of this nation. As a result, the interest that Defendant **BAC**

**HOME LOANS SERVICING, LP/COUNTRYWIDE** continues to claim through the Deed of Trust is no longer lawfully extant.

**45.** Attempted Collection of an Unlawful Debt in Violation of Principles of Law enshrined within 18 USC 1961, 1962, and 1964: Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** has received income from collection of the unlawful debt encumbering the Plaintiffs' property. **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** has participated in and/or used the proceeds of such income in the operation of an enterprise which engages in activities which affect interstate and foreign commerce in violation of the principles of Common-Law enshrined within 18 U.S.C. 1961, 1962, and 1964.

**CAUSES OF ACTION AND CLAIM FOR ULTRA VIRES ACTS**

**Against Defendant BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**

**46.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 45 as though those allegations were fully set forth herein.

**47.** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** exceeded the express provisions of its Corporate Charter in that it engaged in the activity of loaning a substance other than legal tender "dollars" of the United States. The negotiable instruments which it issued in granting the loan here in question are not legal tender "dollars" of the United States. Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** is authorized by its charter to loan legal tender "dollars" of the United States only. There is no authority in existence which authorizes Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** to loan negotiable instruments as it did in this case.

**CAUSES OF ACTION AND CLAIM FOR FRAUDULENT INDUCEMENT**

**Against Defendant COUNTRYWIDE/SPECTRUM**

**48.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 47 as though those allegations were fully set forth herein.

**49.** The failure of Defendant **COUNTRYWIDE/SPECTRUM** to specify in the essential terms of the contract and to clearly state that as the original lender, **COUNTRYWIDE/SPECTRUM** would loan negotiable instruments in the form of CREDIT (money of account representing

accounting entries with little or no commercial energy attached) and **COUNTRYWIDE/SPECTRUM** was demanding payment under the terms of the contract in legal tender "dollars" Federal Reserve Notes or negotiable instruments allowed Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** to take fraudulent advantage of the Plaintiff.

**50.** The failure of Defendant **COUNTRYWIDE/SPECTRUM** to further specify in the essential terms of the contract and to clearly state that as the original lender, **COUNTRYWIDE/SPECTRUM**, would require payment in the form of legal tender "dollars" or Federal Reserve Notes (money of exchange representing someone's commercial energy) when **COUNTRYWIDE/SPECTRUM** put little or no commercial energy into the contract.

**51.** Failure of Defendant **COUNTRYWIDE/SPECTRUM** to properly disclose or to intentionally hide the above material elements of the contract at its inception, as well as, good faith reliance by Plaintiff upon Defendant **COUNTRYWIDE/SPECTRUM's** limited representations were the cause of consequent and proximate injuries to Plaintiff.

**52.** Plaintiff states that Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**'s actions of fraud and deceit have foundation in *Taylor v. State Compensation Insurance Fund*, 175 Mont. 432, 913 P.2d 1242 (1996) where in order to sustain a claim of fraud, claimant was required to plead and prove each of the nine elements of fraud: (1) a representation; (2) falsity of the representation; (3) materiality of the representation; (4) speaker's knowledge of the falsity of the representation; (5) the speaker's intent it should be relied upon; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's consequent and proximate injury caused by reliance on the representation.

**53.** Plaintiff contends that all of these elements exist and thereon allege that on the date of the execution of the Promissory Note, and accompanying Deed of Trust document, the relevant information contained therein was false and materially deceptive, and that unfair business trade practices were used to conceal the true nature of the transaction. To wit:

a. **A representation:** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** represented it would "fund" the loan.

b. **Falsity of the representation:** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** did not in fact loan "money" to Plaintiff.

c. **Materiality of the representation:** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**'s misrepresentations were material because of this demonstrable long-standing fact: Under the current monetary system of the USA, purported institutional "lenders" loan no money to the borrower as alleged in the loan application or loan documents they offer and accept.

d. **Speaker's knowledge of the falsity of the representation:** The purported lender falsely stated the lender was loaning money prior to closing and the title / escrow person who received the check(s) are able to see that the "lender" does not transfer funds into the escrow account and that the source of the funds is from elsewhere, yet falsely represented that funds did come from the "lender".

e. **The speaker's intent it should be relied upon:** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**'s words were relied upon by Plaintiff in good faith. Consequently, Plaintiff was defrauded during the process of funding and closing the loan.

f. **The hearer's ignorance of the falsity of the representation:** Plaintiff was not privy to the source of funds and were not in an equal or similarly situated business posture as Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** at the time of the Contract formation period, and were taken in great disadvantage by the unfair business practices of Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**.

g. **The hearer's reliance on the representation:** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** words and writings were relied upon to the Plaintiff's detriment, as Plaintiff was fraudulently induced to pay money of exchange (currency exchanged for a substantial portion of Plaintiffs' commercial energy) for money of account (Credit on Account created by Defendant, out of nothing).

h. **The hearer's right to rely on the representation:** Plaintiff relied upon Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**'s offer and was given a good faith estimate, assurances, written agreement. Furthermore, Plaintiff had a right to trust and believe that these oral and written expressions were in every detail reliable. Because Plaintiff did rely upon the acts, deeds and inducement by Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** who had superior knowledge in an industry standard operation, Plaintiff relied upon the veracity of **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**'s every representation made about this so-called "loan."

i. **The hearer's consequent and proximate injury caused by reliance on the representation:** Plaintiffs' reliance upon fraud in statements and writings provided to him by parties in superior position precluded Plaintiff from appreciating the essential elements of the undertaking. Plaintiff's reliance gave forth to consequent and proximate injuries for (a) loss by conversion under contract, (b) financial instability of the home unit due to usury, (c) interfering with financial stability, and (d) loss of use and enjoyment of funds which were paid in unfair advantage to Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE**.

**CAUSES OF ACTION AND CLAIM FOR**
**BREACH AND CONVERSION UNDER CONTRACT**
**AGAINST TRUSTEE DEFENDANT**
**SUSIE VELASQUEZ, PUBLIC TRUSTEE, for WELD COUNTY as Trustee,**

**54.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 53 as though those allegations were fully set forth herein.

**55.** The Trustee Defendant owed a duty of care as trustee to Plaintiff under the Deed of Trust agreement dated **November 23, 2005**. As a direct and proximate result of the Trustee's failure to disclose the true nature of the trust relationship, and failing to inform Plaintiff that upon executing the said Deed of Trust agreement, Plaintiff made a gift of their property to the trust. Due to this negligence Plaintiff has sustained consequent and proximate injuries for (a) breach of fiduciary duty; (b) conversion of property; (c) personal injury; (d) unjust enrichment; (e) financial loss according to proof; (f) interference with a business relationship; and (g) deprivation of the right to use and enjoyment.

imate injuries for (a) breach of fiduciary duty; (b) conversion of property; (c) personal injury; (d) unjust enrichment; (e) financial loss according to proof; (f) interference with a business relationship; and (g) deprivation of the right to use and enjoyment.

**56.** Plaintiff further alleges that Trustee has violated the trust that Plaintiff should reasonably expect from that officer. Trustee knowingly withheld information from Plaintiff that was of a vital nature to Plaintiffs' well being by failing to disclose that, under the terms of the Deed of Trust as an alleged contract, Plaintiff was being required to gift their property to the Mortgage Company without any corresponding consideration in return. As such, Trustee knowingly participated in deceit; fraud, larceny, and racketeering in a scheme to unlawfully take away Plaintiff's property.

**CAUSE OF ACTION FOR CANCELLATION**
**Return Promissory Note for Cancellation**

**and**

**Return Deed of Trust for Cancellation**

**57.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 56 as though those allegations were fully set forth herein.

**58.** Plaintiff requests that the original Note be brought to court for inspection and review for the purpose of authentication under Rules of Evidence, and for cancellation due to Fraud in the Inducement.

**59.** Plaintiff requests that also the original Deed of Trust to be brought to court for inspection and review to authenticate under rules of evidence for canceling.

**60.** Cancellation of an instrument may be had in an action for restitution [see, e.g., *Millar v. James* (1967) 254 Cal. App. 2d 530, 532, 534, 62 Cal. Rptr. 335 (affirming judgment for restitution of real property conveyed in consequence of fraudulent inducement, and for cancellation of Plaintiffs' deed to defendant)].

**61.** A Plaintiff seeking restitution on the basis of his unilateral rescission of a contract is entitled to complete relief [see Civ. Code § 1692[Dearing's]]. Specific reasons for requesting cancellation of the Deed of Trust is that upon the Note being cancelled, the Deed of Trust

**CAUSE OF ACTION FOLLOWING TRUST PROPERTY INTO ITS PRODUCT AGAINST TRUSTEE AND TO IMPOSE A CONSTRUCTIVE TRUST**

**62.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 61 as though those allegations were fully set forth herein.

**63.** Where the trustee, by the wrongful disposition of trust property, acquires other Property, the beneficiary is entitled, at his option, to either enforce a constructive trust of the property so acquired, or to enforce an equitable lien upon it to secure his claim against the trustee for damages for breach of trust, misfeasance, malfeasance and or nonfeasance, as long as the product of the trust Property that is held by the trustee and can be traced.

**64.** Except as stated above, the claim of the Plaintiff against the trustee(s), any and all applicable, and for breach of trust, is that of a general claim with more specific claims possible once discovery is completed. A right to amend is reserved.

**65.** Plaintiff is entitled as a matter of law to the imposition of a Constructive Trust upon the Trustee **VELASQUES** and upon the assets that can be traced.

**CAUSE OF ACTION CIVIL RICO AGAINST TRUSTEE, ATTORNEYS AND ALL MORTGAGE DEFENDANTS**

**66.** Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 65 as though those allegations were fully set forth herein.

**67.** ILLEGALITY BY MONOPOLY, CONSPIRACY, & RACKETEERING: Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** and its officers, and other Banking, Financial, Political, and/or Real Estate Institutions unknown at this time have all knowingly, or unknowingly, conspired against the working class population of **Weld** County, **Colorado** state to submerge the common people in a mountain of perpetual and unpayable debt. The private for-profit Federal Reserve Banking Corporation, of which Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** is a significant franchise agent, has demonstrated a historical and documentable track record of purposefully expanding and contracting a fiat "money" supply at timed intervals so as to purposefully dispossess economically vulnerable **Coloradoans** and other Americans from their property in every sovereign union state. The Plaintiff herein and all of the good people of **Weld** County, **Colorado** state, and of the de jure United States of America are the targets of a collusion by De-

fendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** and all other member banks of the privately owned Federal Reserve System. The documentable intent of their collusion is to reduce the people to a class of deceived debt-bound tenants upon the land in a society that tolerates and enforces blatant disregard for the unalienable human right to property in a collectivist environment of ever-expanding corporate feudalism.

**68.** In present-day America all capital, including land and the real estate constructed upon it, is being converted—often by contractual fraud—from the personal private ownership of the people onto the balance sheets of trans-national corporate collectives. The largest and most powerful of such collectives is the international banking cartel, of which **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** is a leading member. Present-day American banking and lending practices routinely offer contracts without full disclosure of material facts which prevent a true meeting of the minds between the parties. These contracts also fail to provide real and sufficient consideration from the purported "lenders."

**69.** The pandemic uniformity of these egregious practices throughout the Western World's banking "system" is prima-facie evidence that the global banking industry has very effectively acted in concert to establish and expand these contemptible practices of fraud and resultant extortion upon the people of many nations and locales, including **Weld** County, **Colorado** state republic. The Plaintiff asks the Court to consider how this could be anything other than a carefully crafted system of monopoly, conspiracy, and racketeering?

**70.** Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** and its officers are active causes of and participants in the present increase in the foreclosure rate in **Colorado** and across the United States. The Plaintiff did not know whether the individual officers named herein are knowledgeable or ignorant of their criminality. Nevertheless, they have caused detriment and damage to the Plaintiff herein, and also to every homeowner in **Colorado** and across America by the manner in which they entered into alleged "lending" contracts which lack full disclosure, exercise fraud in their inducement, insufficient or nil consideration, and fraud in fact. Most egregious of all, Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** and virtually all institutional "lenders" continuously duplicate this practice as their standard manner of doing business.

**71.** Plaintiff claims that Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** and Trustee **VELASQUEZ** operate in a pattern, practice, and course of conduct which

constitutes a criminal enterprise in violation of Federal and State Racketeering Statutes. Said Defendants regularly engage in cooperative effort to deprive the public of property and cash under an elaborate scheme or artifice where the unaware public unknowingly enters into contracts under fraudulent terms where they are systematically loaned "credit" when they were led to believe they were being loaned "real money of substantial value." Hence, individuals are brought into peonage and usury by lack of full disclosure and full consideration of substance by institutional lenders.

**72.** In order for individuals to close on a loan, they are deceived, by a person who is in a superior position. The effect of this deception is the gifting away of their property under conveyance and security instruments, including a Deed of Trust, the nature of which is not fully disclosed. This practice precluded the Plaintiff herein from appreciating the essential elements and consequences of closing the purported "loan" referenced herein.

**73.** In turn, the Defendants herein routinely deprive the individuals of private property by collaboratively and systematically executing foreclosures based upon a fraudulent process supported by fraudulent documents.

**74.** As a result, this systematic usury and deprivation by the acts of the Defendants are the cause of consequent and proximate injuries under the Civil RICO Statutes.

**75.** Defendants are engaging in a pattern and practice of conduct that constitutes a criminal enterprise in violation of State and Federal RICO statutes.

**76.** Plaintiff is entitled to monetary damages for the violations of the State and Federal RICO statutes.

**CAUSE OF ACTION – VIOALTIONS OF FEDERAL LAW**

**TILA AND RESPA**

Plaintiff hereby incorporates the allegations of all previous paragraphs 1 through 76 as though those allegations were fully set forth herein.

Plaintiff is entitled to monetary and recission / cancellation relief as required by federal law.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests the following relief:

a) That this court require the Defendants to answer this complaint, admitting and denying with particularity each and every allegation herein or suffer the ramifications of a default for failure to answer and an injunction be ordered preventing any Defendant from moving against the property, contacting any tenants, transferring any property or in any way adversely affecting Plaintiff's interest in the property in any manner.

b) That the court issue an Order Quieting Title in favor of the Plaintiff herein, and/or declaring Null and Void the Deed of Trust and Note Contracts on the Property involved herein.

c) That all issues be tried by a Jury herein, actually be tried before and by a full Jury as at Common-Law within the Nisi-Prius Civil Jurisdiction, with the verdict to be binding upon the court and all parties as constitutionally required by "Due Course of Law".

d) That the original Promissory Note be returned to Plaintiff in court for inspection and review of signatures and to verify the representations made therein.

e) That Defendant **COUNTRYWIDE/SPECTRUM/BAC HOME LOANS SERVICING, LP** be ordered to pay damages in the amount of **$754,274.40** for Fraudulent Inducement into the Contract(s)

f) That the accounting representative for Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** be required to demonstrate the specific form of payment used at the so-called funding of the loan

g) That Defendants known and unknown at this time, including Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** herein, be declared to have no estate, right, title or interest in said Property, and that **SANDRA K KRIENKE** is entitled to quiet and undisturbed possession of the Property as described above.

h) That under election of remedies for compensatory damages the Plaintiff be awarded **$754,274.40**, plus interest, plus three times punitive damages amounting to approximately **$1,005,699.20** for all payments so far tendered by the Plaintiffs to the Defendant **BAC HOME LOANS SERVICING, LP/COUNTRYWIDE** under usury.

i) That the compensatory damages are to be determined and apportioned amongst the various Defendants, for time spent in legal research and composition of this action comparable to standard Attorney's allowances, from each and every Defendant on all counts.

j) For Punitive Damages against all Defendants as applicable, as well as compensatory and punitive damages under the Civil Racketeering Statutes in an amount to be determined at trial and sufficient to send a message that such practices are repugnant to the people of **Weld** County and **Colorado** state.

k) That this court rule, that it is a breach of contract to BAIT with an offer to contract for the loan of dollars and then SWITCH to loan negotiable instruments as a feigned fulfillment of that obligation.

l) For such Punitive Damages in an amount sufficient to send a message that bait and switch and usurious practices are repugnant to the people of **Weld** County and **Colorado** state.

m) For recission / cancellation of the instruments under Federal law as required for the TILA and RESPA violations by Defendants.

n) That this court issue Declaratory Judgment that it is a proper interpretation of the doctrine of Equal Protection of the Laws that all who loan negotiable instruments or other instruments of credit in **Colorado** be compelled to accept negotiable instruments issued by the people of **Colorado** in satisfaction of any and all debts so contracted.

o) That the court issue an order granting injunctive relief from any parties moving against the Plaintiff and/or her real estate, including the property in question,

without first proving to this court that all the lawful requirements and statutory requirements for foreclosure and transfer of property have been met.

p) Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the court may determine to be just and proper.

**SANDRA K KRIENKE**
By: **SandraKay: Krienke**, Agents, Plaintiffs UCC 3-402(b)(1)

SandraKay: Krienke
Signature: **SandraKay: Krienke**, Plaintiff, lawful woman

**JURAT**

Colorado State )
) ss
Weld County )

The above named Plaintiff appeared before me, a Notary, and subscribed, sworn under oath this 8 day of Sept., 2009.

Notary Public My commission expires 4/30/2013

Seal